IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., | No. C-06-01923 CW (EDL) |
| Plaintiff, | **REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| LILIAN YABUT | |
| Defendant._____/ | |

On March 14, 2006, Plaintiff Warner Bros. Entertainment Inc. filed this action against Defendant Lilian Yabut for copyright infringement. The summons and complaint were served on Defendant Yabut on April 18, 2006. See Docket Nos. 5-6 (showing Plaintiff served summons and complaint by leaving copies with Lilian Yabut's 25-year-old son and by mailing a set of copies to Defendant's home address). This method of service is acceptable in California. See Cal. Code Civ. Proc. § 415.20(b). The clerk of the court entered default against Defendant Yabut on June 30, 2006.

On August 9, 2006, Plaintiff filed a motion for default judgment against Defendant Yabut. The motion came on for hearing on September 19, 2006. Attorney Karen Thorland of Loeb & Loeb, LLP appeared for Plaintiff by telephone; attorney Anne Kearns of Krieg, Keller, Sloan, Reilley & Roman, LLP also appeared for Plaintiff in person. Defendant Yabut did not file an opposition to Plaintiff's motion and did not appear at the hearing.

**Background**

The complaint alleges that Plaintiff owns the exclusive rights to reproduce and distribute Constantine, a copyrighted motion picture. Compl. ¶ 8. Further, on or about April 15, 2005, Defendant distributed Constantine and made the motion picture available for distribution to others

by uploading it on a P2P network.  Compl. ¶ 10; see also Nguyen Decl. ¶ 4, 9; Carpenter Decl. ¶ 5.  Defendant did not have permission or consent from Plaintiff to distribute this motion picture.  Compl. ¶ 10.

**Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter judgment against a defendant against whom a default has been entered, assuming that defendant is not an infant, is not incompetent or in military service.  Defendant is not an unrepresented minor, incompetent or in military service.  See Thorland Decl. ¶¶ 13-14.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1, 12 (1944)).  In exercising its discretion to grant default judgment, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  See Eitel v. McCool, 782 F.2d 1470, 1471--72 (9th Cir. 1986).  Generally, upon entry of default, the factual allegations of the complaint are taken as true, except for those relating to damages.  See Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987) (citing Geddes, 559 F.2d at 560)..

Here, the Eitel factors weigh in favor of default judgment.  Most importantly, the substantive claim in the complaint on which Plaintiff seeks default judgment appears to have merit and the complaint is sufficient to state that claim.  A claim for copyright infringement has two elements: (1) ownership of the copyright; and (2) infringement by the defendant.  See Kling v. Hallmark Cards, Inc., 225 F.3d 1030, 1037 (9th Cir. 2000).  In its complaint, Plaintiff alleges that Constantine is registered with the Copyright Office and the Defendant reproduced the motion picture and distributed it without permission.  Compl. ¶ 8.  Therefore, Plaintiff has alleged sufficient facts to state a claim for copyright infringement.

///

2

1    The remaining <u>Eitel</u> factors also weigh in favor of granting default judgment.  First, if the
2 motion were denied, Plaintiff would likely be without a remedy; Plaintiff attempted to reach a
3 compromise with Defendants but was unsuccessful.  <u>See</u> Thorlein Decl. ¶ 8; <u>see</u> <u>Pepsico, Inc. v. Cal.</u>
4 <u>Sec. Cans</u>, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment
5 is not granted, Plaintiffs will likely be without other recourse for recovery.").  Second, the amount of
6 money sought is not completely disproportionate or unreasonable, especially in light of the expenses
7 Plaintiff incurred in bringing this action.  <u>See</u> Nguyen Decl. ¶ 11 (Plaintiff expended between $3,000
8 and $5,000 to develop the evidence and information necessary to bring the action); Thorland Decl. ¶
9 16 (Plaintiff incurred $2,689.19 in attorneys' fees and costs, exclusive of the pre-complaint
10 investigations).  Finally, because Defendant did not file an answer to the complaint, there is little to
11 suggest that there is a possibility of a dispute concerning material facts, and it is unlikely that
12 Defendant's default was due to excusable neglect, especially when Plaintiff served its motion for
13 default judgment on Defendant, but still received no response.
14    Accordingly, the motion for default judgment should be granted.  The remaining issue is the
15 amount of the judgment.

16 **Damages for Copyright infringement**

17    A copyright infringer is liable for either the actual damages incurred or statutory damages.
18 <u>See</u> 17 U.S.C. § 504(a).  Plaintiff makes no offer of proof as to its actual damages.  Statutory
19 damages are assessed by the Court in the range between $750 and $30,000 per work, increased to
20 $150,000 in cases of willful infringement.  <u>See</u> 17 U.S.C. § 504(c).  The Court "has wide discretion
21 in determining the amount of statutory damages to be awarded, constrained only by the specified
22 maxima and minima."  <u>See</u> <u>Harris v. Emus Records Corp.</u>, 734 F.2d 1329, 1335 (9th Cir. 1984).
23 Plaintiff seeks statutory damages of $6,000.
24    To support its request for $6,000, Plaintiff argues that Defendant's infringement was willful,
25 that Plaintiff was offering other copyrighted motion pictures for distribution (although Plaintiff's
26 investigators did not download them), and that the amount is reasonably related to Plaintiff's
27 enforcement costs.  Plaintiff also argues that the amount is similar to the statutory damages awarded
28 to recording industry plaintiffs suing for copyright infringement.

Plaintiff seeks damages for the copyright infringement of one motion picture.  Courts typically award $3,000 per copyrighted work in similar cases as appropriate compensation.  See Supp. Thorland Decl. Ex. B (attaching orders).  An award of $3,000 is appropriate here as well.  An award of more than the statutory minimum of $750 per image is warranted because of the expense Plaintiff must undertake to monitor and enforce its copyright.  A higher award is not appropriate because there is no evidence that Defendant enjoyed any profit from her infringement or that a greater amount is necessary to deter Defendant and others from engaging in on-line distribution of copyrighted motion pictures.

The Court may in its discretion award attorneys' fees to a prevailing plaintiff in a copyright action.  See 17 U.S.C. § 505.  Plaintiff seeks an award of $2,689.19 in attorneys' fees and costs of suit.  This amount is reasonable, as are the rates charged by Plaintiff's counsel.  The Court accordingly recommends granting this amount as attorneys' fees and costs.  Finally, Plaintiff seeks an injunction permanently enjoining Defendant from infringing any of Plaintiff's copyrights, which should issue.  See 17 U.S.C. § 502(a).

**Conclusion**

The Court recommends granting Plaintiff's motion for default judgment in the total amount of $8,689.19, and issuing a permanent injunction enjoining Defendant from further infringement.  Any party may serve and file specific written objections to this recommendation within ten (10) business days after being served with a copy.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: October 23, 2006

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

4